UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| JOHN PHILLIPS | CIV. ACTION NO. 12-2850 |
| VERSUS | JUDGE ROBERT G. JAMES |
| GRAPHIC PACKAGING INTERNATIONAL, LLC, ET AL. | MAG. JUDGE KAREN L. HAYES |

RULING

Pending is a Motion for Summary Judgment [Doc. No. 22] filed by Defendant Graphic Packaging International, Inc. ("GPI"). GPI claims that it is entitled to statutory immunity from Plaintiff John Phillips' ("Phillips") claims, pursuant to the statutory employer defense available under Louisiana Revised Statute § 23:1061.

For the following reasons, GPI's Motion for Summary Judgment is GRANTED.

**I.  FACTS AND PROCEDURAL HISTORY**

On September 7, 2011, GPI issued a purchase order (#4503548446) to Turner Industries Group, LLC ("TIG"), as vendor, to perform hydroblasting services at the West Monroe mill. Pursuant to the purchase order, Turner Specialty Services, LLC ("TSS"), another Turner entity, was retained to perform the work.[1]  TSS had an existing contractual relationship with GPI governed by the agreed- upon General Terms and Conditions ("the Terms"). [Doc. No. 22-5].  TSS accepted the purchase order, including its provision reiterating that TSS was bound by the Terms.  Paragraph 13 of the Terms states as follows:

---

[1] Peggy Gross, GPI's Senior Purchasing Agent, testified that she has one contact for TIG and TSS. When GPI has work which either entity needs to perform, she sends a purchase order to her contact, and he forwards it to the appropriate entity.

> SECTION 13: STATUTORY EMPLOYMENT: If services are to be performed at Buyer's [GPI'S] facilities in the state of Louisiana, it is agreed that pursuant to the provisions of Louisiana Revised Statutes 23:1061(A)(3), that it is the intent and agreement of the parties hereto that the relationship of the Buyer (owner) to the direct employees and the statutory employees of the Seller (contractor) [TSS] be that of a statutory employer.

[Doc. No. 22-5, p. 6].

TSS subcontracted with Gulfstar Industrial Services ("Gulfstar") to perform hydroblasting, a process of cleaning GPI's production equipment. In this specific case, Gulfstar agreed to hydroblast GPI equipment "involved in the recovery of the chemicals to be recycled in the paper production process." [Doc. No. 52-4, p. 3 Depo. of Randall Dickerson].

TSS and Gulfstar had an existing blanket subcontract, which provided: [f]or work performed in Louisiana[,]" the "CONTRACTOR [TSS] and OWNER [GPI] shall be considered the statutory employers of any and all of [Gulfstar] employees hired or retained . . . while performing work and/or services under" the subcontract. [Doc. No. 52-2, p. 9]. TSS and Gulfstar also entered into site specific subcontract for work at GPI, which specifically adopted "ALL TERMS AND CONDITIONS OF BLANKET SUBCONTRACT." [Doc. No. 52-3].

On October 6, 2011, Phillips, an employee of Gulfstar, either slipped or tripped while engaged in the usual duties of his employment.

On October 3, 2012, Phillips brought suit against GPI in the Fourth Judicial District Court, Ouachita Parish, State of Louisiana.[2]

On November 7, 2012, GPI removed the case to this Court.

On April 17, 2013, Phillips, with leave of Court, amended his Complaint to add TIG as a

---

[2]Phillips also named Riverwood International corporation and ABC Insurance Company as Defendants.

Defendant.

On July 2, 2013, also with leave of Court, Phillips again amended his Complaint to add TSS as a Defendant.

On April 17, 2013, GPI filed the instant Motion for Summary Judgment [Doc. No. 22].

On May 8, 2013, Phillips filed an opposition memorandum [Doc. No. 29].

Because the parties were engaged in further discovery, the Court ordered that they would be permitted to file supplemental memoranda. [Doc. No. 31].

On July 11, 2013, Texas Mutual Insurance Company filed an Intervenor Complaint [Doc. No. 43] against GPI and Phillips.[3]

On August 7, 2013, GPI filed a supplemental memorandum in support of its Motion for Summary Judgment [Doc. No. 52].

Despite an extension of time to do so, Phillips did not file a supplemental memorandum in opposition to GPI's Motion for Summary Judgment.

## II.     LAW AND ANALYSIS

### A.     Summary Judgment Standard of Review

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)(2). The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*,

---

[3]Texas Mutual Insurance Company also named Riverwood International Corporation and ABC Insurance Company as Defendants.

954 F.2d 1125, 1132 (5th Cir. 1992). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). The nonmoving party must show more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255.

    **B.    Statutory Employment**

GPI argues that it is entitled to immunity from Phillips's claims of tort liability under Louisiana's statutory employer defense under La. Rev. Stat. § 23:1061(A)(2) and (3).

In Louisiana, a statutory employee who is injured in an accident during the course and scope of his employment is limited to the recovery of workers' compensation benefits as his exclusive remedy against his employer and may not sue his employer or any principal in tort. *See* La. Rev. Stat. § 23:1061(A)(1). The exclusive remedy provision of the workers' compensation statute precludes an employee from filing a lawsuit for damages against "his employer[] or any principal . . . or employee of such employer or principal." *Id.* "In some instances, an employer may be deemed the statutory employer of a worker that it does not directly employ" and is therefore immune from tort liability pursuant to § 23:1061(A). *Dugan v. Waste Management, Inc.*, 41 So.3d 1263, 1266

4

(La. App. 2 Cir.,2010).

> Section 23:1061(A) states, in pertinent part:
>
> (1) Subject to the provisions of Paragraphs (2) and (3) of this Subsection, when any 'principal' . . . undertakes to execute any work, which is part of his trade, business, or occupation and contracts with any person . . . for the execution . . . of the whole or any part of the work undertaken by the principal, the principal, as a statutory employer, shall be granted the exclusive remedy protections of [§ 23:1032] . . . .
>
> (2) A statutory employer relationship shall exist whenever the services or work provided by the immediate employer is contemplated by or included in a contract between the principal and any person or entity other than the employee's immediate employer.
>
> (3) Except in those instances covered by Paragraph (2) of this Subsection, a statutory employer relationship shall not exist between the principal and the contractor's employees . . . unless there is a written contract between the principal and a contractor which is the employee's immediate employer or his statutory employer, which recognizes the principal as a statutory employer. When the contract recognizes a statutory employer relationship, there shall be a rebuttable presumption of a statutory employer relationship between the principal and the contractor's employees, whether direct or statutory employees. This presumption may be overcome only by showing that the work is not an integral part of or essential to the ability of the principal to generate that individual principal's goods, products, or services.

"In sum, there are two bases for finding statutory employment: (1) [pursuant to § 23:1061(A)(2)], being a principal in the middle of two contracts, referred to as the 'two contract theory,' or, (2) [pursuant to § 23:1061(A)(3)], the existence of a written contract recognizing the principal as the statutory employer." *Dugan*, 41 So.3d at 1266-67.

In this case, the Court finds that GPI is a principal within the meaning of § 23:1032(A)(3) and is entitled to immunity from tort liability.[4] GPI had a general contractual relationship with TSS to provide services pursuant to the agreed-upon Terms. TSS agreed to provide hydroblasting

---

[4] Given the Court's conclusion, it need not reach GPI's alternative argument under the two contracts theory of § 1032(A)(2).

5

services for GPI pursuant to the Terms and the purchase order, which adopted the Terms. Section 13 of the Terms clearly stated that GPI would be the statutory employer of TSS's direct employees and its statutory employees. Likewise, TSS's subcontract with Gulfstar provided that TSS and GPI would be the statutory employers of Gulfstar's employees. Phillips was injured while performing his usual duties as an employee of Gulfstar. Thus, there is a rebuttable presumption that GPI is Phillips' statutory employer within the meaning of § 23:1061(A)(3) because "there is a written contract between the principal [GPI] and a contractor [TSS] which is the employee's . . . statutory employer, which recognizes [GPI] as a statutory employer."[5]

Among other arguments, Phillips attempted to rebut this presumption in his opposition memorandum, arguing that GPI failed to provide the Court "with specific facts to demonstrate the nature of the work being performed by Mr. Phillips and that the work was part of GPI's trade, business or occupation and [an] integral part of or essential GPI's ability to provide its goods, products, and services." [Doc. No. 29, p. 6].

However, in its supplemental memorandum, GPI provided additional evidence showing that Gulfstar and its employees were performing work that is an integral part of or essential to the ability of GPI to generate its paper products. In deposition, Randall Dickerson ("Dickerson"), GPI's Utilities Senior Project Engineer, testified that the hydroblasting services performed by Gulfstar was specialized and required training and manpower that GPI could not devote. He further testified that the hydroblasting services are necessary to clean production equipment which is involved in "the recovery of chemicals to be recycled in the paper production process." [Doc. No. 52-4, p. 3]. It is

---

[5] The Terms alone constitute the written contract between GPI and TSS which establish GPI as a statutory employer, even if the Court were to disregard the purchase order.

undisputed that Phillips was performing his usual job duties for Gulfstar at the time of the accident. The undisputed facts clearly show that Phillips' work was an integral part of and was essential for GPI to generate its goods and products.

Therefore, the Court finds that GPI was the statutory employer of Phillips at the time of his accident, and Phillips is limited to workers' compensation benefits as his exclusive remedy under La. Rev. Stat. § 23:1061.

### C.  Remaining Defendants and Intervenor Defendants

Only GPI has filed a Motion for Summary Judgment in this case. However, after review of the record, the Court believes that it would be appropriate to dismiss, *sua sponte*, the remaining Defendants and Intervenor Defendants.

First, it is clear from the Notice of Removal [Doc. No. 1] that Riverwood International Corporation is no longer an existing entity and should be dismissed from these proceedings.

Second, Phillips has not substituted an insurance company for the "ABC Insurance Company" named in the original Petition and this non-existent entity should also be dismissed.

Third, it appears from the record that TIG has no involvement in this case, other than being mistakenly named on the purchasing order and, thus, should also be dismissed.

Fourth, based on the Court's analysis, TSS is also a statutory employer of Phillips and is entitled to immunity from his tort claims.

Finally, any claims by Texas Mutual Insurance Company against the Intervenor Defendants must rise and fall with Phillips' case. Therefore, if the claims are all dismissed, Texas Mutual Insurance Company has no further business with this Court.

If they wish to respond, the parties shall file a memorandum to show cause in writing no later

than twenty-one (21) days form the date of this Ruling why the Court should dismiss all remaining parties.

### III.  CONCLUSION

For the foregoing reasons, GPI's Motion for Summary Judgment [Doc. No. 22] is GRANTED, and Phillips' claims are DISMISSED WITH PREJUDICE. The Court has given notice of its intent to dismiss all remaining parties. If they wish to respond, the parties should file a memorandum no later than twenty-one (21) days from the date of this Ruling showing cause why the Court should not dismiss all remaining parties.

MONROE, LOUISIANA, this 24th day of September, 2013.

*/s/ Robert G. James*
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE